# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
## NO. 02-14-00341-CR
## NO. 02-14-00342-CR


CAMERON THOMAS FOUNTAIN          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NOS. 1322169D, 1322167D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Cameron Thomas Fountain received two years' deferred adjudication community supervision in exchange for pleading guilty to state jail felony possession of a controlled substance of less than one gram (methamphetamine) and evading arrest or detention with a vehicle. A year later, he pleaded "true but" in each case to the allegation in the State's petition to

---

[1]*See* Tex. R. App. P. 47.4.

proceed to adjudication, and the trial court found the allegation true, revoked Fountain's deferred adjudication community supervision, adjudicated him guilty, and sentenced him to two years' confinement in state jail in each case, to run concurrently. No reporter's record was made of the revocation hearing.

When Fountain's counsel did not timely file his appellate brief, we abated the cases to the trial court in December 2015 to determine whether Fountain wanted to prosecute the appeals and, if so, whether new counsel should be appointed. *See* Tex. R. App. P. 38.8(b). At the January 15, 2015 abatement hearing, Fountain stated that he wanted to prosecute the appeals, the trial court gave counsel an additional thirty days to file his brief, and we reinstated the appeals and set February 19, 2015, as the due date for appellant's brief in these cases. During a subsequent February 17, 2015 hearing in the trial court, however, Fountain's counsel informed the trial court that he would be unable to prepare an appellate brief in these cases because there was no reporter's record from the original hearing, which would preclude him from raising any appealable issues. The trial court asked Fountain if that was his understanding and if he was in agreement with his counsel, and Fountain said, "Yes." No brief has been filed in this court.

Concluding that, on this record, rule of appellate procedure 42.2(a)'s substantial requirements have been met, we dismiss the appeals. *See* Tex. R. App. P. 42.2(a), 43.2(f); *see also Wilson v. State*, No. 02-13-00210-CR, 2014 WL 1394628, at *1 (Tex. App.—Fort Worth Apr. 10, 2014, no pet.) (mem. op., not

2

designated for publication) (construing appellant's oral statement at hearing with counsel's written motion as request for voluntary dismissal under rule 42.2(a)).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT AND SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 11, 2015